RANDY S. GROSSMAN
United States Attorney
JOSHUA C. MELLOR
Assistant U.S. Attorney
California Bar No.: 255870
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9442
Email: joshua.mellor@usdoj.gov

Attorneys for Plaintiff
United States of America



CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 22-CR-1031-CAB |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| JORGE EMMANUAL BOJORQUEZ DE LA CRUZ, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Joshua C. Mellor, Assistant United States Attorney, and defendant, JORGE EMMANUEL BOJORQUEZ DE LA CRUZ, with the advice and consent of Carolyn Oliver, counsel for defendant, as follows:

//
//
//
//
//
//
//

JCM:6/6/23

Def. Initials SBE

I.    **THE PLEA**

    A.    THE CHARGE

Defendant agrees to plead guilty to count one of a two count Indictment, charging Defendant with:

### Count 1

Beginning on a date unknown to the grand jury and continuing up to May 5, 2022, within the Southern District of California and elsewhere, defendants JORGE EMMANUEL BOJORQUEZ DE LA CRUZ, LUIGGE ALEXANDER COTA, MIGUEL BACILIO-GONZALEZ, KELLON CHRISTOPHER MCCAW, TRAVIS BERNARD HILL, and DAYNE NICHOLAS WALKER, did knowingly and intentionally conspire with each other and other persons known and unknown to the grand jury, including Robert Lee Lewis, Jr. (charged elsewhere), to distribute 50 grams and more of methamphetamine (actual), and 500 grams and more of a mixture and substance containing a detectable amount of cocaine, both Schedule II Controlled Substances; all in violation of Title 21, United States Code, Sections 841(a)(1), 846.

    B.    FORFEITURE

The Defendant further agrees to the criminal, administrative and/or civil forfeiture of all properties seized in connection with this case which the Defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881.  The Defendant further waives Defendant's right to receive timely notice of all forfeiture actions, including but not limited to, administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other criminal, administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above.  Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case.  For any controlled substance seized in

Def. Initials _____
22-CR-1031-CAB

connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

## II

### NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. There was an agreement between two or more persons to commit the crime of distributing methamphetamine and cocaine or some other federally controlled substance; and

2. Defendant became a member of the conspiracy knowing of its object to distribute methamphetamine and cocaine or some other federally controlled substance and intending to help accomplish that goal.

In addition, for purposes of sentencing, the Government would have to prove beyond a reasonable doubt that the amount of methamphetamine involved in the conspiracy offense was at least 50 grams of methamphetamine (actual) and the amount of cocaine involved in the conspiracy offense was at least 500 grams of cocaine, and that these federally controlled substances and quantities (1) fell within the scope

Def. Initials _____
22-CR-1031-CAB

of the defendant's agreement with co-conspirators and (2) were reasonably foreseeable and in furtherance of the conspiracy.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crimes and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1. Beginning in at least October 2021 and continuing through May 2022, defendant JORGE EMMANUEL BOJORQUEZ DE LA CRUZ agreed with others to distribute methamphetamine and cocaine, both schedule II controlled substances, in the Southern District of California.

2. Specifically, Defendant's role in the conspiracy was to supply cocaine and methamphetamine to his co-conspirators, knowing it would be distributed to others.

3. For example, on November 11, 2021, Defendant supplied eight pounds of methamphetamine to a co-conspirator in Spring Valley, California (in the Southern District of California). On November 15, 2021, Defendant coordinated with one of his brokers to have the money picked up from this methamphetamine transaction.

4. Additionally, on January 11, 2022, Defendant supplied two kilograms of cocaine to co-conspirator 1 in Spring Valley, California.

5. Defendant facilitated the distribution of methamphetamine and cocaine and intended to help accomplish the object of the conspiracy to distribute methamphetamine and cocaine. Defendant agrees that it was reasonably foreseeable that the conspiracy was responsible for the distribution of at least 5 kilograms, but less than 15 kilograms of a mixture and substance containing a detectable amount of methamphetamine, and more than two kilograms of cocaine but less than 3.5 kilograms of cocaine. These federally controlled substances and quantities (1) fell within the scope of defendant's agreement with co-conspirators and (2) were reasonably foreseeable and in furtherance of the conspiracy.

//

//

4

Def. Initials _____

22-CR-1031-CAB

## III

### PENALTIES

Defendant understands that the crimes to which defendant is pleading guilty carry the following penalties:

A.  a maximum of life in prison, and mandatory minimum 10 years;

B.  a maximum $10,000,000 fine;

C.  a mandatory special assessment of $100.00 per count;

D.  a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.  Possible ineligibility of certain federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.

5

Def. Initials
22-CR-1031-CAB

Defendant may also be denied United States citizenship and admission to
the United States in the future.

### V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
### PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant
known to the undersigned prosecutor in this case has been turned over
to Defendant. The Government will continue to provide such information
establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required
to provide impeachment information for its witnesses. In addition, if
Defendant raised an affirmative defense, the Government would be
required to provide information in its possession that supports such a
defense. By pleading guilty, defendant will not be provided this
information, if any, and defendant waives any right to this information.
Defendant will not attempt to withdraw the guilty plea or file a
collateral attack on the existence of this information.

### VI

### DEFENDANT'S REPRESENTATION THAT GUILTY
### PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts
and circumstances of this case with defense counsel and has a
clear understanding of the charges and the consequences of
this plea. By pleading guilty, Defendant may be giving up, and
rendered ineligible to receive, valuable government benefits
and civic rights, such as the right to vote, the right to
possess a firearm, the right to hold office, and the right to
serve on a jury. The conviction in this case may subject
Defendant to various collateral consequences, including but
not limited to revocation of probation, parole, or supervised
release in another case; debarment from government
contracting; and suspension or revocation of a professional
license, none of which can serve as grounds to withdraw
Defendant's guilty plea;

6

Def. Initials

22-CR-1031-CAB

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea;

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a).  In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account.  Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory.  The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.  The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.**  Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

7

Def. Initials

22-CR-1031-CAB

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] | 34 |
| 2. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | -2* |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 4. | Combination of Circumstances [§ 5K2.0] | -2[1] |

---

[1] The recommendation for a combination of circumstances departure takes into account the expeditious resolution of the case in that Defendant did not file any motions and waived appeal.

8

Def. Initials

22-CR-1031-CAB

1    *If defendant truthfully discloses to the Government all
2  information and evidence the defendant has concerning the offense and
3  relevant conduct, and if defendant otherwise qualifies for the "safety
4  valve" in § 5C1.2, the Government will recommend a two-level reduction
5  under § 2D1.1(b)(18).

6        B.   ACCEPTANCE OF RESPONSIBILITY

7        Despite paragraph A above, the Government need not recommend an
8  adjustment for Acceptance of Responsibility if defendant engages in
9  conduct inconsistent with acceptance of responsibility including, but
10 not limited to, the following:

11              1.   Fails to truthfully admit a complete factual basis as
12                   stated in the plea at the time the plea is entered, or
                     falsely denies, or makes a statement inconsistent with,
13                   the factual basis set forth in this agreement;

14              2.   Falsely denies prior criminal conduct or convictions;

15              3.   Is untruthful with the Government, the Court or probation
                     officer; or

16              4.   Breaches this plea agreement in any way.

17        C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
               INCLUDING THOSE UNDER 18 U.S.C. § 3553
18
19        Defendant **may** request or recommend additional downward adjustments,
20 departures, or variances from the Sentencing Guidelines under 18 U.S.C.
21 § 3553. The Government will oppose any downward adjustments, departures,
22 or variances not set forth in Section X, paragraph A above.

23        D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

24        The parties have **no** agreement as to Defendant's Criminal History
25 Category, except that, if Defendant is determined to be a Career
26 Offender, the parties agree that the Defendant is automatically a
27 Criminal History Category VI pursuant to USSG § 4B1.1(b).

28        E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

                              9                Def. Initials _____
                                               22-CR-1031-CAB

1    The facts in the "factual basis" paragraph of this agreement are
2  true and may be considered as "relevant conduct" under USSG § 1B1.3 and
3  as  the  nature  and  circumstances  of  the  offense  under  18  U.S.C.
4  § 3553(a)(1).

5          F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

6    The Government agrees to recommend that Defendant be sentenced to
7  the low end of the advisory guideline range calculated by the Government
8  at sentencing.

9          G.    SPECIAL ASSESSMENT/FINE

10              1. Special Assessment

11   The parties will jointly recommend that Defendant pay a special
12 assessment in the amount of $100.00 per felony count of conviction to
13 be paid forthwith at time of sentencing.  The special assessment shall
14 be paid through the Office of the Clerk of the District Court by bank
15 or  cashier's  check  or  money  order  made  payable  to  the  "Clerk,
16 United States District Court."

17              2.    Fine

18   The  parties  will  not  recommend  imposition  of  a  fine  due  to
19 Defendant's  limited  financial  prospects  and  because  the  cost  of
20 collection, even taking into account the Inmate Responsibility Program,
21 likely would exceed the amounts that could reasonably be expected to be
22 collected.

23          H.    SUPERVISED RELEASE

24   The Government is free to recommend a period of supervised release.
25 If the Court imposes a term of supervised release, Defendant will not
26 seek to reduce or terminate early the term of supervised release until
27 Defendant  has  served  at  least  two-thirds  of  the  term  of  supervised

28

                              10          Def. Initials
                                          22-CR-1031-CAB

1  release and has fully paid and satisfied any special assessments, fine,
2  criminal forfeiture judgment and restitution judgment.

3                                    XI

4              **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

5         Defendant waives (gives up) all rights to appeal and to collaterally
6  attack every aspect of the conviction and sentence. This waiver includes,
7  but is not limited to, any argument that the statute of conviction or
8  Defendant's prosecution is unconstitutional and any argument that the
9  facts of this case do not constitute the crime charged. The only
10 exception is defendant may collaterally attack the conviction or
11 sentence on the basis that defendant received ineffective assistance of
12 counsel. If defendant appeals, the Government may support on appeal the
13 sentence or restitution order actually imposed

14                                   XII

15                **BREACH OF THE PLEA AGREEMENT**

16        Defendant and Defendant's attorney know the terms of this agreement
17 and shall raise, before the sentencing hearing is complete, any claim
18 that the Government has not complied with this agreement. Otherwise,
19 such claims shall be deemed waived (that is, deliberately not raised
20 despite awareness that the claim could be raised), cannot later be made
21 to any court, and if later made to a court, shall constitute a breach
22 of this agreement.

23        Defendant breaches this agreement if defendant violates or fails
24 to perform any obligation under this agreement. The following are non-
25 exhaustive examples of acts constituting a breach:

26    A.    Failing to plead guilty pursuant to this agreement;

27    B.    Failing to fully accept responsibility as established in
28          Section X, paragraph B, above;

                              11              Def. Initials
                                              22-CR-1031-CAB

C.   Failing to appear in court;

D.   Attempting to withdraw the plea;

E.   Failing to abide by any court order related to this case;

F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the

12

Def. Initials

22-CR-1031-CAB

1 Defendant.   Additionally,   Defendant   knowingly,   voluntarily,   and
2 intelligently waives any argument that the statements and any evidence
3 derived from the statements should be suppressed, cannot be used by the
4 Government, or are inadmissible under the United States Constitution,
5 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
6 the Federal Rules of Criminal Procedure, and any other federal rule.

7
## XIII

8
### CONTENTS AND MODIFICATION OF AGREEMENT

9 This plea agreement embodies the entire agreement between the
10 parties and supersedes any other agreement, written or oral. No
11 modification of this plea agreement shall be effective unless in writing
12 signed by all parties.

13

14
## XIV

15
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

16 By signing this agreement, defendant certifies that defendant has
17 read it (or that it has been read to defendant in defendant's native
18 language). Defendant has discussed the terms of this agreement with
19 defense counsel and fully understands its meaning and effect.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

13                    Def. Initials
22-CR-1031-CAB

1                                            XV

2                            DEFENDANT SATISFIED WITH COUNSEL

3          Defendant  has  consulted  with  counsel  and  is  satisfied  with

4   counsel's representation. This is defendant's independent opinion, and

5   defendant's counsel did not advise defendant about what to say in this

6   regard.

7                                        Respectfully submitted,

8                                        RANDY S. GROSSMAN
                                         United States Attorney

9
    6/11/2023                            Joshua C. Mellor
10  DATED                                Joshua C. Mellor
                                         Assistant U.S. Attorney
11

12   6/9/23
    DATED
13                                       CAROLYN OLIVER
                                         Defense Counsel
14

15  IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
    PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE
16  ARE TRUE.
     6/9/23
17  DATED                                X
                                         JORGE EMMANUEL DE LA CRUZ BOJORQUEZ
18                                       Defendant

19  Approved by:    s/ Matthew Brehm
20                  MATTHEW BREHM
                    ASSISTANT U.S. ATTORNEY
21  Rev. 6/27/2017 JSS:dca

22

23

24

25  Translated by Danielleleqra
26  or 6/9/23 Ω

27

28

                            14              Def. Initials SB
                                            22-CR-1031-CAB